IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re Darin Ray Hess,

Robert L. Baer, Trustee
        Plaintiff,

           vs.                          Case No. 13-4024-JTM

Persels & Associates,
        Defendant.

MEMORANDUM AND ORDER

The Clerk has previously entered default in this action by the bankruptcy trustee plaintiff alleging violations of the Kansas Credit Services Organization Act (KCSOA) and Kansas Consumer Protection Act (KCPA) by defendant Persels & Associates. (Dkt. 18). The matter is now before the court on the plaintiff's Motion for Default Judgment (Dkt. 20), which seeks a declaratory judgment that Persels' actions violated both statutes, as well as a declaration that Persels' contracts with Mr. Allen violate Kansas law and are therefore void land unenforceable. Plaintiff seeks the costs of the action, as well as specific damages in the following specific amounts:

| Type of Damages | KCPA/KCSOA Section | Amount in Dollars |
|---|---|---|
| KCSOA compensatory | 1133(a) | 7,547.30 |
| KCSOA punitive | 1133(b) | 16,500.00 |
| KCPA Civil Penalties | 634(b), 636(a), 636(d). | 20,000.00 |
| Attorney Fees | 1133(a); 634(e) | 2,000.00 |

The court hereby finds that the factual allegations advanced in plaintiff's Motion (Dkt. 21, pp. 3-7) are uncontested, and finds these allegations established as a matter of law. The court further grants judgment to plaintiff, except as to the amounts sought as penalties, punitive damages, and attorney fees.

Here the original petition alleges that the debtor made an unspecified number of monthly payments to Persels, totalling some $6,000. The relevant portion of the KCPA appears to permit an award of compensatory damages *or* a civil penalty, but not both. Thus, K.S.A. 50-634(b) provides that a plaintiff may be awarded "damages or a civil penalty as provided in subsection (a) of K.S.A. 50-636 and amendments thereto, *whichever is greater*." (Emphasis added).

While K.S.A. 50-636(d) creates a multiplier effect for civil penalties for each day where there is "a violation of this act not identified to be in connection with a specific identifiable consumer transaction but which is continuing in nature." However, this provision "was not intended [to] apply when there [i]s an identifiable transaction" which violates the KCPA. *State ex rel. Morrison, v. Oshman Sporting Goods Co.*, 275 Kan. 763, 777, 69 P.3d 1087 (2003).

Further, both the respective Kansas statutes authorize the court to award plaintiff

2

"reasonable attorney fees." Plaintiff has made no showing that would permit the court to determine the reasonableness of the requested attorney fees. The court notes that little of consequence has occurred in the present action, and the present claim appears to be closely related to other actions against the defendant, indicating a potential sharing in the costs of advancing this action.

This court has also previously determined that the determination of an appropriate amount of punitive damages "entails weighing numerous factors" such the assessment is not "a sum certain" within the meaning of Rule 55, and accordingly that element of a valid default judgment is absent. *American Water Purification v. Barkley Mfg. & Eng'ng*, No. 87-1003-C, 1989 WL 31397 (D. Kan. Mar. 2, 1989). "Punitive damages ... are not a sum certain and often require evidentiary hearings to determine an appropriate amount." *Id.* at *3. The court finds no basis for distinguishing, for purposes of finding a "sum certain" for default judgment, between punitive damages under the KCSOA, and the civil penalties under the KCPA.

Accordingly, the court grants judgment to the plaintiff, and awards, at a minimum, $6,000.00 in compensatory damages. The court will also grant plaintiff a reasonable attorney fees, subject to documentary proof as the time and effort expended in the action. In the event plaintiff serves notice to the court of an intent to obtain punitive damages, the court will schedule a hearing for the submission of any evidence the plaintiff wishes to present.

IT IS ACCORDINGLY ORDERED this 18th day June, 2015, that the plaintiff's Motion for Default Judgment (Dkt. 20) is hereby granted in part and, without prejudice, denied in part.

                                                      s/ J. Thomas Marten
                                                      J. THOMAS MARTEN, JUDGE